# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

JOHN PAUL JONES, III,

            Appellant,

        v.

DEPARTMENT OF HEALTH AND
    HUMAN SERVICES,

            Agency.

DOCKET NUMBER
DE-3330-14-0634-I-1

DATE: April 9, 2015

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

<u>John Paul Jones, III</u>, Albuquerque, New Mexico, pro se.

<u>Madeha Chaudry Dastgir</u>, Esquire, Chicago, Illinois, for the agency.

## BEFORE

Susan Tsui Grundmann, Chairman
Mark A. Robbins, Member

## FINAL ORDER

¶1      The appellant has filed a petition for review of the initial decision, which denied his request for corrective action under the Veterans Employment Opportunities Act of 1998 (VEOA). Generally, we grant petitions such as this one only when: the initial decision contains erroneous findings of material fact;

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. *See* Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, and based on the following points and authorities, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision. 5 C.F.R. § 1201.113(b).

¶2 In September 2014, the agency sought applicants to fill a Public Health Advisor (PHA) position. *See* Initial Appeal File (IAF), Tab 8 at 69-74 (PHA job posting reflecting announcement number HHS-SAMHSA-DE-14-1211266). The appellant submitted an application, along with documentation of his veterans' preference. *Id*. at 35-68. However, after reviewing his application, the agency informed him that he was ineligible for the PHA position because he did not meet the minimum requirements. *Id*. at 34. Subsequently, the appellant filed a veterans' preference complaint with the Department of Labor (DOL), but DOL closed its investigation without providing him any relief. *See* IAF, Tab 1 at 8.

¶3 Citing VEOA, the appellant filed the instant appeal, disputing the agency's determination that he was ineligible for the PHA position. *Id*. at 3, 5. The administrative judge found that the Board had jurisdiction over the appeal pursuant to 5 U.S.C. § 3330a but denied the appellant's request for corrective action based on the written record. IAF, Tab 15, Initial Decision (ID). The appellant has filed a petition for review. Petition for Review (PFR) File, Tab 1. The agency has filed a response. PFR File, Tab 3.

¶4        The appellant seems to argue that the administrative judge erred in finding that the agency did not violate any of his veterans' preference rights in determining that he was not qualified for the PHA position.  PFR File, Tab 1 at 9-12.  He also asserts that the administrative judge erred in deciding his appeal on the written record, without granting his request for a hearing.  *Id*. at 6-11.  We find no merit to either argument.[2]

¶5        To be entitled to relief under VEOA, the appellant must prove by preponderant evidence that the agency's action violated one or more of his statutory or regulatory veterans' preference rights in its selection process.  *Graves v. Department of Veterans Affairs*, 114 M.S.P.R. 209, ¶ 10 (2010).    A preponderance of the evidence is that degree of relevant evidence that a reasonable person, considering the record as a whole, would accept as sufficient to find that a contested fact is more likely to be true than untrue.  5 C.F.R. § 1201.4(q).  The administrative judge found that the appellant failed to meet that burden, and we agree.

¶6        Preference-eligible veterans applying for federal employment have the right "to credit for all experience material to the position for which examined,

---

[2] The appellant's petition includes several additional assertions that do not provide a basis to disturb the initial decision.  For example, the appellant generally criticizes the agency for not hiring him for any one of at least 37 other positions for which he applied; for expending significant legal fees defending against his various appeals; for its rate of veteran hiring; and for its response to recent events, such as natural disasters.  PFR File, Tab 1 at 14-16.  None of these assertions warrant further review in this, his appeal of the agency's determination that he was ineligible for this one specific PHA vacancy.

The appellant also argues that the administrative judge erred in dismissing his claim that he was entitled to "priority placement" in the selection process.  *Id*. at 13.  However, he failed to identify, and we are unaware of, evidence in the record reflecting any such entitlement.  *See Weaver v. Department of the Navy*, 2 M.S.P.R. 129, 133 (1980) (before the Board will undertake the burden of a complete review of the record, a petitioning party must explain why a challenged factual determination is incorrect, and identify specific evidence in record which demonstrates the error).

including experience gained in religious, civic welfare, service, and organizational activities, regardless of whether" such experience is unpaid. 5 U.S.C. § 3311(2); 5 C.F.R. § 302.302(d). However, it would be inconsistent with the Board's role under VEOA to engage in a fact-based review of how an agency weighed and assessed a preference eligible's experiences in making its hiring decisions and determinations about the preference eligible's qualifications for a position. *Miller v. Federal Deposit Insurance Corporation*, 121 M.S.P.R. 88, ¶ 12 (2014). Therefore, while the Board will determine whether the hiring agency improperly omitted, overlooked, or excluded a portion of the appellant's experiences or work history in assessing his qualifications for the vacancy, the Board will not reevaluate the weight the agency accorded those experiences in reaching its decision that the appellant was not qualified for a given position. *Id.* (citing *Kirkendall v. Department of the Army*, 573 F.3d 1318, 1324 (Fed. Cir. 2009)).

¶7      Below, the administrative judge found that the agency credited the appellant with all of his valuable experience material to the PHA position in determining that he was not qualified. ID at 6-8. We agree.

¶8      To be eligible for the PHA position at issue, candidates were required to possess at least 1 year of specialized experience. *See* IAF, Tab 8 at 70 (full description of the requisite specialized experience). In a sworn declaration, the agency official responsible for determining whether applicants possessed that requisite experience explained why the appellant was deemed unqualified. IAF, Tab 11 at 12-14. That official, C.J., indicated that the appellant's application failed to demonstrate the requisite "experience providing advice and guidance to State and local governments and to various public, nonprofit and private agencies and organizations . . . on the planning, implementation, and evaluation of comprehensive services for adults and/or children with mental health issues." *Id.* at 13. She also concluded that his application failed to demonstrate the requisite

experience "analyzing data on public health, mental health, substance use treatment and prevention systems." *Id*.

¶9    The appellant argues that C.J.'s sworn declaration omitted pertinent phrases from his application, which consisted of a 32-page, single-spaced narrative. PFR File, Tab 1 at 9 (referring to the phrases "mental health issues" and "reality therapy"); *see* IAF, Tab 8 at 37-68 (the appellant's application). He also argues that her sworn declaration failed to mention portions of his application that documented his caring for fellow soldiers during trying events in Vietnam. PFR File, Tab 1 at 9-11. However, the agency explicitly cited the portions of the appellant's application that he claims were overlooked in explaining why his experience did not amount to that which was necessary for its PHA position. *Compare id*., *with* IAF, Tab 11 at 13 (C.J. declaration, discussing specific sections of the appellant's application, including the portions the appellant claimed were omitted, which can be found at IAF, Tab 8 at 49-50, 54-56). While the appellant may disagree with the agency's conclusion that his experience failed to demonstrate the required qualifications for the PHA position, there is no evidence that the agency improperly omitted, overlooked, or excluded a portion of his experiences or work history. *Cf. Kirkendall*, 573 F.3d at 1324 (finding a veterans' preference violation where the agency "simply ignored" military documents reflecting relevant experience because it was not printed within the appellant's application); *Phillips v. Department of the Navy*, 110 M.S.P.R. 184, ¶¶ 8, 12 (2008) (remanding to determine whether the agency had considered the preference-eligible appellant's documented experience, where the record suggested that the agency had instead relied solely on his being a GS-6 to conclude that he did not have the minimum qualifications for a GS-8 position). Therefore, we find no reason to disturb the administrative judge's conclusion that the agency considered all of the appellant's relevant experience before deeming him not qualified for the PHA vacancy. *See* ID at 6-8. Accordingly, the

appellant failed to meet his burden of proving that the agency violated his veterans' preference rights.

¶10 Although the appellant requested a hearing in this matter, IAF, Tab 1 at 2, the Board has the authority to decide a VEOA appeal on the merits without a hearing when there is no genuine dispute of material fact and one party must prevail as a matter of law. *Haasz v. Department of Veterans Affairs*, 108 M.S.P.R. 349, ¶ 9 (2008). A factual dispute is "material" if, in light of the governing law, its resolution could affect the outcome. *Redd v. U.S. Postal Service*, 101 M.S.P.R. 182, ¶ 14 (2006). A factual dispute is "genuine" when there is sufficient evidence favoring the party seeking an evidentiary hearing for the administrative judge to rule in favor of that party should that party's evidence be credited. *Id*.

¶11 The appellant has failed to identify any persuasive evidence that warranted a hearing. He instead argues that a hearing would have provided an opportunity to elicit testimony from the aforementioned agency official, C.J. PFR File, Tab 1 at 9-11. The appellant suggests that C.J., in theory, could contradict her own sworn declaration if she testified at a hearing. *Id*. However, that unfounded speculation does not amount to a genuine factual dispute. Moreover, to the extent that he wished to question how agency officials weighed his experience, such an inquiry is beyond the scope of this appeal, as explained above. Accordingly, we find no error in the administrative judge's denial of the appellant's hearing request.

## NOTICE TO THE APPELLANT REGARDING
## YOUR FURTHER REVIEW RIGHTS

You have the right to request review of this final decision by the United States Court of Appeals for the Federal Circuit. You must submit your request to the court at the following address:

United States Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, DC 20439

The court must receive your request for review no later than 60 calendar days after the date of this order.  *See* 5 U.S.C. § 7703(b)(1)(A) (as rev. eff. Dec. 27, 2012).  If you choose to file, be very careful to file on time.  The court has held that normally it does not have the authority to waive this statutory deadline and that filings that do not comply with the deadline must be dismissed.  *See Pinat v. Office of Personnel Management*, 931 F.2d 1544 (Fed. Cir. 1991).

If you need further information about your right to appeal this decision to court, you should refer to the federal law that gives you this right.  It is found in Title 5 of the United States Code, section 7703 (5 U.S.C. § 7703) (as rev. eff. Dec. 27, 2012).  You may read this law as well as other sections of the United States Code, at our website, http://www.mspb.gov/appeals/uscode.htm. Additional information is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, and 11.

If you are interested in securing pro bono representation for your court appeal, you may visit our website at http://www.mspb.gov/probono for a list of attorneys who have expressed interest in providing pro bono representation for Merit Systems Protection Board appellants before the court.  The Merit Systems

Protection Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.


FOR THE BOARD:                          _____
                                        William D. Spencer
                                        Clerk of the Board

Washington, D.C.